# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Kylie Krakow,<br><br>                     Plaintiff,<br><br>        v.<br><br>Joshua Bissell,<br><br>                     Defendant. | Case No. 2:25-cv-01020-JAD-DJA<br><br>**Order** |

Before the Court is Plaintiff Kylie Krakow's motion to enlarge time for service and to serve Defendant Joshua Bissell via publication. Plaintiff moves on an emergency basis. Because the Court finds that Plaintiff's proposed alternative service methods are reasonably calculated to provide Defendant with notice and an opportunity to respond, it grants the motion. The Court will further require additional methods of alternative service.

**I.      Legal standard.**

The Constitution does not require any particular means of service of process. *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (*citing Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). It requires only that service "be reasonably calculated to provide notice and an opportunity to respond." *Id.* Service of process is governed by Rule 4 of the Federal Rules of Civil Procedure. A federal court lacks jurisdiction over a defendant unless the defendant has been properly served under Rule 4. *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (citation omitted). Rule 4, however, "is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Id.* "[W]ithout substantial compliance with Rule 4," "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." *Id.*

Federal Rule of Civil Procedure 4(e)(1) provides that an individual within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Under Nevada Rule of Civil Procedure 4.4(b)(1), a plaintiff may serve a party through alternative means if the methods of service provided for in Rules 4.2 (service within Nevada), 4.3 (service outside Nevada), and 4.4(a) (statutory service) are impracticable. Under Rule 4.4(b)(2), a motion seeking an order for alternative service must provide affidavits, declarations or other evidence demonstrating:

(i) the due diligence that the plaintiff undertook to locate and serve the defendant; and
(ii) the defendant's known, or last known contact information including address, phone numbers, email addresses, social media accounts, or other information used to communicate with the defendant…

The motion must also outline the proposed alternative service method and explain why it comports with due process. Nev. R. Civ. P. 4.4(b)(2)(B). Under Nevada Rule of Civil Procedure 4.4(b)(3), if the Court orders alternative service, the plaintiff must also make reasonable efforts to provide additional notice under Rule 4.4(d) and mail a copy of the summons and complaint as well as any order authorizing the alternative service to the defendant's last-known address. Nevada Rule of Civil Procedure 4.4(d) provides that, in addition to any other service method, the court may order a plaintiff to make reasonable efforts to provide additional notice of the commencement of the action by other methods like certified mail, telephone, voice message, email, social media, "or any other method of communication." Under Federal Rule of Civil Procedure 4(m), if a plaintiff shows good cause for failing to serve a defendant within 90 days after a complaint is filed, the court must extend the time for service for an appropriate period.

**II.    Discussion.**

Plaintiff provides evidence that she served the summons and complaint of Defendant's Nevada employer, that she attempted service at his address on three occasions, and that her counsel attempted to call Defendant twice. During the three unsuccessful service attempts, the server found two Amazon packages addressed to Ashley Bissell at the front door and, on another

occasion, spoke to a person caring for the home who said that Defendant and his wife are in North Dakota for three months and would return in November. During the unsuccessful calls, one call resulted in reaching a voicemail box with the name of Josh Bissell. Plaintiff explains that she is unaware of any other addresses for Defendant.

Plaintiff proposes publishing the summons in the Nevada Legal News and Pahrump Valley News for four weeks. Plaintiff asserts that Defendant likely has notice of this action because Plaintiff served a copy of the summons and complaint on Defendant's employer. Plaintiff requests a ninety-day extension of the service deadline.

The Court finds that Plaintiff's proposed methods of service are reasonably calculated to provide Defendant with notice and an opportunity to respond and that they comply with the alternative means of service identified by the Federal and Nevada Rules of Civil Procedure. The Court further finds that Plaintiff has shown good cause to extend the service deadline. However, the Court will impose additional requirements. Plaintiff must mail the summons, complaint, and a copy of this order to Defendant's last known address. *See* Nev. R. Civ. P. 4.4(c)(4)(B). Plaintiff must call and leave a voicemail with Defendant regarding this order and the service by publication. *See* Nev. R. Civ. P. 4.4(d)(1). Plaintiff must also mail the summons, complaint, and a copy of this order to Defendant's employer. *See id.*

**IT IS THEREFORE ORDERED** that Plaintiff's emergency motion to enlarge time for service and to allow service by publication (ECF No. 5) is **granted.**

**IT IS FURTHER ORDERED** that Plaintiff must serve Defendant by the following methods: (1) publishing the language proposed in her order in both the Nevada Legal News and the Pahrump Valley News at least once per week for a period of four weeks; (2) mailing a copy of the summons, complaint, and this order to Defendant's last known address; (3) calling Defendant's last known telephone numbers and leaving a voicemail regarding this order and the service by publication; and (4) mailing a copy of the summons, complaint, and a copy of this order to Defendant's employer.

///

**IT IS FURTHER ORDERED** that the service deadline is extended by ninety days to December 8, 2025.

DATED: August 28, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE